IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| RAFAEL ESPINOZA, Individually and on behalf of those similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>ATLAS RAILROAD CONSTRUCTION, LLC and GENESEE & WYOMING INC.,<br><br>       Defendants. | Civil No.:<br><br>Judge: |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Atlas Railroad Construction, LLC and Genesee & Wyoming Inc. ("Defendants"), by and through counsel, hereby remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. This action, captioned *Rafael Espinoza v. Atlas Railroad Construction, LLC and Genesee & Wyoming Inc.*, Case No. G.D. 15-013137 filed in the state court (the "State Court Action"), is removable because this Court has subject matter jurisdiction by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. The grounds for this removal are as follows.

### COMPLIANCE WITH STATUTORY REQUIREMENTS

1.      On or about July 30, 2015, Plaintiff, Rafael Espinoza ("Plaintiff"), filed a Complaint on behalf of himself and a class of similarly situated individuals against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania, asserting claims under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101 *et seq*. (the "Complaint").

2. Defendants were served with a copy of the Complaint on August 12, 2015. This Notice of Removal is timely as it has been filed within thirty days of service of the Complaint. 28 U.S.C. § 1446(b).

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders properly served upon Defendants in the State Court Action are attached as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Allegheny County, Pennsylvania, in Case No. G.D. 15-013137. (*See* Exhibit B.)

6. This Notice of Removal is properly filed in the United States District Court for the Western District of Pennsylvania because the Court of Common Pleas of Allegheny County, Pennsylvania, is located in this federal district.

7. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel.

### JURISDICTION: TRADITIONAL DIVERSITY

8. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action is removable pursuant to 28 U.S.C. § 1441 based upon the complete diversity of citizenship of the parties to this action and, although Defendants do not in any way concede liability, because Plaintiff's claims place in controversy an amount in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs, as more fully described below.

**CITIZENS OF SEPARATE STATES**

9. Plaintiff is a citizen of Pennsylvania. (*See* Ex. A, Compl. ¶ 1.)

10. Defendant, Genesee & Wyoming Inc. ("G&W"), is a Delaware corporation whose principal place of business is in Connecticut. (Declaration of Allison M. Fergus, attached hereto as Exhibit C, ¶ 2.) Thus, for diversity purposes, G&W is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1). ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]").

11. Defendant, Atlas Railroad Construction, LLC ("Atlas"), is a limited liability company whose sole member is RailTex, Inc., which is a Texas corporation whose principal place of business is in Florida. (Declaration of Catherine Pushchak, attached hereto as Exhibit D, ¶¶ 2–3.) Thus, for diversity purposes, Atlas is a citizen of Texas and Florida. *See* 28 U.S.C. § 1332(c)(1); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013) ("[T]he citizenship of a limited liability company is determined by the citizenship of each of its members" (quotation omitted).).

12. Thus, for diversity purposes, Plaintiff is a citizen of Pennsylvania, Defendants are citizens of Delaware, Connecticut, Florida, and Texas, and there is complete diversity between Plaintiff and Defendants.

**AMOUNT OF MATTER IN CONTROVERSY**

13. Although Defendants do not in any way concede liability, the allegations in the Complaint demonstrate that the relief sought by Plaintiff exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint does not specify a monetary amount associated with the requested relief but instead requests the following:

>   A.   Unpaid overtime wages to the fullest extent permitted under the law;
>
>   B.   Prejudgment interest to the fullest extent permitted under the law;
>
>   C.   Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;
>
>   D.   Such other and further relief as this Court deems just and proper; and
>
>   E.   The damages sought are in excess of Arbitration limits.

(Ex. A, Compl., Prayer for Relief.)

14. Where, as here, the complaint does not specify a monetary amount associated with the requested relief, a defendant seeking removal need only show by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Frank Bryan, Inc. v. CSX Transp., Inc.*, No. CIV.A. 13-363, 2013 WL 1624886, at *2 (W.D. Pa. Apr. 15, 2013). In other words, the defendant need only show "a reasonable probability that jurisdiction exists." *Frank Bryan*, 2013 WL 1624886, at *2 (quoting *Frederico v. Home Depot*, 507 F.3d 188, 196 n. 6 (3d Cir. 2007)).

15. By pleading that the damages sought are in excess of arbitration limits, Plaintiff admits that his damages exceed $35,000. *See* Allegheny Cnty. Civ. & Fam. Ct. R. 1301 (providing that civil actions demanding $35,000 or less must be submitted to compulsory arbitration). While Plaintiff admits that his damages are at least $35,000, he sets no ceiling as to what his damages might be. *See Vinski v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 11-1326, 2012 WL 75328, at *2 (W.D. Pa. Jan. 10, 2012) (observing that "[i]t is noteworthy that there is no indication anywhere in the complaint that Plaintiffs have placed an upper limit on the value of their claims" en route to denying plaintiffs' motion to remand).

16. Plaintiff specifically requests "attorney's fees to the fullest extent permitted under the law." (Ex. A, Compl., Prayer for Relief.) In the Third Circuit, the amount-in-controversy

calculation includes attorney's fees if they are available to successful plaintiffs under the statutory cause of action. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). Although Defendants do not concede that Plaintiff is entitled to attorney's fees, the PMWA makes reasonable attorney's fees available at the discretion of the court. *See* 43 P.S. § 333.113.

17. When calculating the amount in controversy, attorney's fees include potential fees to be incurred throughout the litigation. *See Suber*, 104 F.3d at 585 ("[I]n calculating the amount in controversy, we must consider *potential* attorney's fees." (emphasis added)); *see also Frederico*, 507 F.3d at 199 (noting that attorney's "[f]ees could be as much as thirty percent of the judgment" and thereby considering attorney's fees as of the date of judgment and not merely as of the date of removal); *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 664 (W.D. Pa. 2012) (finding that "the demand for punitive damages and attorney's fees could easily put the amount in controversy over the jurisdictional threshold" without any discussion of cutting off attorney fees at the date of removal); *Abood v. Gulf Grp. Lloyds*, No. CIVA 3:2007-299, 2008 WL 2641310, at *4 (W.D. Pa. July 1, 2008) (citing *Suber*, finding litigation costs including attorney fees to be a necessary part of the amount in controversy, and explaining that the "costs of litigation . . . can be quite extensive[, resulting] from numerous sources such as the taking of depositions of parties and witnesses . . . attorney's fees, and other typical trial-related costs").

18. Here, an award of reasonable attorney's fees, through trial, would meet the $75,000 requirement on its own. Demonstrating this point is *Gonzales v. Bustleton Services, Inc.*, a three-plaintiff wage and hour case under the PMWA and Fair Labor Standards Act in which the Eastern District of Pennsylvania awarded Plaintiff's counsel in this case $73,195 in attorney's fees after a bench trial. No. CIV.A. 08-4703, 2010 WL 3282623, at *7 (E.D. Pa. Aug. 18, 2010). In its decision – now five years old – the court took the 312.3 hours billed by counsel

(not including hours deducted by the court) and multiplied them by hourly rates of $200 and $350 (which were less than counsels' actual rates and some of which were further discounted) to arrive at the $73,195 award. *Id.* at 4. A fair estimate of counsel's average hourly rate in this case would be $300, especially considering that counsel have five more years of experience at this point. *See also Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-CV-0546, 2014 WL 1871919, at *7 (M.D. Pa. May 8, 2014) (awarding Plaintiff's counsel in this case $128,391.68 in attorney's fees per settlement agreement approved in a PMWA class action and deeming reasonable an average hourly rate of $403.36). At an average hourly rate of $300, it would take 250 hours to reach $75,000 in attorney's fees. Counsel would likely reach 250 hours, if not exceed that mark, during the course of litigating this case through trial.

19.     There is more than a "reasonable probability" that the amount in controversy in this case exceeds $75,000. *See Frank Bryan*, 2013 WL 1624886, at *2. The attorney's fees requested could amount to $75,000 on their own, not to mention the alleged unpaid overtime wages that Plaintiff has requested.

WHEREFORE, Defendants hereby remove to this Court the referenced action, Case No. G.D. 15-013137, now pending in the Court of Common Pleas of Allegheny County, Pennsylvania. In filing this Notice of Removal, the Defendants do not waive any defense that may be available to it in this action.

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Karen Gal-Or*
Karen Gal-Or (Pa. I.D. 317258)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959
kgalor@jonesday.com

Stanley Weiner (*pro hac vice* forthcoming)
Corey Clay (*pro hac vice* forthcoming)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:     (216) 586-3939
Facsimile:      (216) 579-0212
sweiner@jonesday.com
cclay@jonesday.com

Counsel for Defendants:
Atlas Railroad Construction, LLC and
Genesee & Wyoming Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of September 2015, a true and correct copy of the Defendants' Notice of Removal was served via U.S. First-Class Mail, postage prepaid on the following:

>Peter Winebrake, Esq.
>R. Andrew Santillo, Esq.
>Mark J. Gottesfeld, Esq.
>WINEBRAKE & SANTILLO, LLC
>715 Twining Road, Suite 211
>Dresher, PA 19025
>
>Stephen B. Barrett, Esq.
>Hamburg, Rubin, Mullin, Maxwell & Lupin, LLC
>375 Morris Road
>Lansdale, PA 19446-0773

 

>*/s/ Karen Gal-Or*
>Counsel for Defendants
>Atlas Railroad Construction, LLC and
>Genesee & Wyoming Inc.

NAI-1500521114v1