# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| RAFAEL ESPINOZA, Individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil No.: 2:15-CV-01189-MPK |
| v. | ) ) ) | |
| ATLAS RAILROAD CONSTRUCTION, LLC and GENESEE & WYOMING INC., | ) ) ) | Magistrate Judge Maureen P. Kelly |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Stanley Weiner (*pro hac vice*)
Corey Clay (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
sweiner@jonesday.com
cclay@jonesday.com

Karen Gal-Or (Pa. I.D. 317258)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
kgalor@jonesday.com

Counsel for Defendants Atlas Railroad Construction, LLC and Genesee & Wyoming Inc.

Table of Contents

Page

Introduction ............................................................................................................ 1

The Facts as Alleged in the Pleadings ................................................................... 1

Argument ............................................................................................................... 2

I.      The Legal Standard for a Rule 12 Motion to Dismiss ...................................... 3

II.     Plaintiff Has Failed to State a Claim For Which Relief Can Be Granted Because
        the Travel Time at Issue Is Not Compensable Under Pennsylvania Law .......................... 4

        A.      Travel Between the Purported Pennsylvania Class Members' Residences
                and Project Locations Was Ordinary, Noncompensable Commuting Time .......... 4

                1.      Travel to and from Project Locations Was Not Part of the Duties of
                        the Purported Pennsylvania Class Members .............................................. 5

                2.      Plaintiff's Allegation that Travel from the Purported Pennsylvania
                        Class Members' Residences to Their Project Locations and Vice
                        Versa Occurred During Normal Working Hours Is Not Plausible ........... 7

                3.      Guidance from the Pennsylvania Department of Labor and
                        Industry Shows that the Purported Pennsylvania Class Members'
                        Travel Time Between Their Residences and Project Locations Is
                        Not Compensable ..................................................................................... 8

                4.      The Limited Pennsylvania Authority Supports that Travel Time
                        Between the Purported Pennsylvania Class Members' Residences
                        and Project Locations Is Not Compensable .............................................. 9

        B.      The Purported Pennsylvania Class Members' Time Spent Traveling
                Between One Project Location and Another Is Not Compensable ..................... 11

III.    Genesee & Wyoming Is Not a Proper Defendant in This Case Because the Court
        Lacks Personal Jurisdiction Over Genesee & Wyoming and Because Genesee &
        Wyoming Did Not Employ the Purported Pennsylvania Class ....................... 13

        A.      The Court Lacks Personal Jurisdiction Over Genesee & Wyoming .................... 13

        B.      Plaintiff's Allegations Fail to Show that Genesee & Wyoming Employed
                the Purported Class Members ........................................................................... 16

Conclusion ............................................................................................................ 18

i

Table of Authorities

Cases                                                                            Page(s)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................3

*Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*,
958 A.3d 1050 (Pa. Commw. Ct. 2008), *aff'd* 607 Pa. 527, 8 A.3d 866 (2010) ........................17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................3

*Bonds v. GMS Mine Repair & Maint., Inc.*,
No. 2:13-CV-1217, 2015 WL 5602607 (W.D. Pa. Sept. 23, 2015) .............................................10

*Caiarelli v. Sears Roebuck & Co.*,
616 Pa. 38, 46 A.3d 643 (2012) ........................................................7, 9, 10, 11

*Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*,
762 F.3d 332 (3d Cir. 2014) ................................................................3, 12, 17

*Davis v. Abington Mem'l Hosp.*,
765 F.3d 236 (3d Cir. 2014) ..........................................................................3

*Davis v. Holder*,
994 F. Supp. 2d 719 (W.D. Pa. 2014) ..................................................................3

*In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*,
735 F. Supp. 2d 277 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012) .................................16

*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) ..........................................................................14

*Rudolph v. Safari Club Int'l*,
No. 12CV1710, 2013 WL 3168588 (W.D. Pa. June 20, 2013) ...................................................15

Statutes, Regulations, and Rules

42 P.S. § 5322(b) .........................................................................................................14

43 P.S. § 333.103(g) ....................................................................................................16

43 P.S. § 333.104(a) ......................................................................................................4

43 P.S. § 333.109 ...........................................................................................................4

34 Pa. Code § 231.1(b) ...........................................................................................4, 8, 11

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................14

Fed. R. Civ. P. 12(b)(2)................................................................................................13

Fed. R. Civ. P. 12(b)(6)..................................................................................................4

Regulatory Guidance

*General Wage and Hour Questions*, Pennsylvania Department of Labor & Industry,
https://www.portal.state.pa.us/portal/server.pt?open=514&objID=563209&mode=2#20 (last
visited Nov. 9, 2015) ......................................................................................................8

## INTRODUCTION

Plaintiff's Amended Complaint purports to assert a claim against Defendants Atlas Railroad Construction, LLC ("Atlas") and Genesee & Wyoming Inc. ("G&W") under the Pennsylvania Minimum Wage Act ("PMWA") for uncompensated travel time.  The travel time at issue, however, is not compensable under Pennsylvania law, and Plaintiff fails to allege any sufficient facts indicating otherwise.  Plaintiff, therefore, has failed to state a claim upon which relief can be granted, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.  Moreover, as additional grounds to dismiss the Amended Complaint as it pertains to G&W, not only does the Court lack personal jurisdiction over G&W, but G&W also did not employ Plaintiff or the purported class members.  Thus, G&W has no role in this case and is not a proper defendant, and Plaintiff's claim against G&W should be dismissed.

## THE FACTS AS ALLEGED IN THE PLEADINGS

Atlas provided construction and maintenance services for railroads in multiple states. (Dkt. 19, Amended Complaint ("Am. Compl.") ¶ 3.)  Atlas is an indirect, wholly owned subsidiary of G&W.  (Am. Compl. ¶ 3; Dkt. 2, Disclosure Statement of Atlas Railroad Construction, LLC.)  Plaintiff brings this case on behalf of a purported class of Pennsylvania residents who worked for Atlas at any time since July 30, 2012, performing manual labor at Atlas' railroad construction and maintenance projects (the "Pennsylvania Class").  (*See* Am. Compl. ¶¶ 1, 9, 10, 20.)  Plaintiff alleges that the Pennsylvania Class members were assigned to projects located hundreds of miles away from their Pennsylvania residences, requiring them to stay in hotels, motels, or other temporary housing because commuting between their Pennsylvania residences and remote project locations on a daily basis was not possible.  (Am. Compl. ¶ 11.)  Plaintiff claims that Atlas employees had a recurring schedule of (i) eight consecutive 10.5-hour shifts (generally running from approximately 7:00 am until approximately

5:30 pm) at the project site followed by (ii) six consecutive days away from the project site.
(Am. Compl. ¶ 12.)  After their final shift in an eight-day period, Plaintiff alleges that the
Pennsylvania Class members traveled back to their Pennsylvania residences.  (Am. Compl. ¶ 14.)
Plaintiff also alleges that he and the Pennsylvania Class members occasionally traveled directly
from one project site to another.  (Am. Compl. ¶ 15.)

Plaintiff claims that the commutes to and from Atlas' project locations are compensable
under the PMWA.  (*See* Am. Compl. ¶ 31.)  The basis of Plaintiff's claim is that "[t]he basic
duties of the manual labor performed by [the Pennsylvania Class] requires travel from their
Pennsylvania residence to the project site vicinity, travel between project sites, and travel from
the project site vicinity to their Pennsylvania residence.  Indeed, it would be impossible for [the
Pennsylvania Class] to perform their jobs without engaging in such travel."  (Am. Compl. ¶ 16.)
Further, Plaintiff alleges that Atlas required the Pennsylvania Class to engage in such travel, and
"refusal to [do so] would result in termination."  (Am. Compl. ¶ 17.)  Plaintiff seeks
compensation for this travel time.

## ARGUMENT

Plaintiff's claim against Atlas and G&W under the PMWA is without merit and should
be dismissed with prejudice.  Plaintiff seeks recovery for time that the purported Pennsylvania
Class members spent traveling between their residences and project locations, as well as time
that they spent traveling from one project location to another.  The travel time sought, however,
is nothing more than ordinary commute time that is not compensable under Pennsylvania law.
Indeed, Plaintiff's theory in this case—that the travel time at issue is compensable because it was
"required" for the purported Pennsylvania Class members to get to the project locations where
they performed their railroad construction and maintenance duties—leads to the untenable
conclusion that *any* employee who travels to any worksite, even if it is just down the street, must

be compensated for that time.  This conclusion lacks any legal basis.  Therefore, because the travel time at issue is not compensable, Plaintiff has failed to state a claim for which relief can be granted, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice. Fed. R. Civ. P. 12(b)(6).

Moreover, as far as Plaintiff asserts his PMWA claim against G&W, that claim should be dismissed for the additional reason that G&W is not a proper defendant in this case.  Not only does the Court lack personal jurisdiction over G&W, but the Amended Complaint also fails to establish that G&W employed the purported Pennsylvania Class members—jointly or otherwise. In short, G&W has no role in this case, and Plaintiff's claim against G&W, therefore, should be dismissed.

I.      THE LEGAL STANDARD FOR A RULE 12 MOTION TO DISMISS.

For a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 334 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint has facial plausibility only when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Underwriters*, 762 F.3d at 334 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 240–41 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  "A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Underwriters*, 762 F.3d at 334.  However, a court "disregard[s] legal conclusions and recitals of the elements of a cause of action that are

supported only by mere conclusory statements." *Id.*; *see also Davis v. Holder*, 994 F. Supp. 2d 719, 722 (W.D. Pa. 2014).

II.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE
        GRANTED BECAUSE THE TRAVEL TIME AT ISSUE IS NOT COMPENSABLE
        UNDER PENNSYLVANIA LAW.

Plaintiff's claim for uncompensated travel time is without merit.  Plaintiff alleges that the purported Pennsylvania Class was not compensated for time spent traveling (a) between their Pennsylvania residences and project locations, and (b) from one project location to another.  In either circumstance, however, even accepting the facts alleged by Plaintiff as true, the travel time sought is ordinary commuting time that is not compensable under Pennsylvania law.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.  Fed. R. Civ. P. 12(b)(6).

A.      Travel Between the Purported Pennsylvania Class Members' Residences and
        Project Locations Was Ordinary, Noncompensable Commuting Time.

The PMWA establishes the extent to which travel time is compensable under Pennsylvania law and, by its plain language, is clear that time spent commuting to and from work is not compensable.  The statute provides that an employer "shall pay to each of his or her employe[e]s wages for all hours worked[.]"  43 P.S. § 333.104(a).  Regulations promulgated by the Pennsylvania Department of Labor and Industry ("Department") for the enforcement of the PMWA define "hours worked" to include "time spent in traveling as part of the duties of the employee during normal working hours . . . ."  34 Pa. Code § 231.1(b); *see also* 43 P.S. § 333.109 ("The secretary [of the Department] shall enforce th[e PMWA].  The secretary shall make and, from time to time, revise regulations . . . which shall be deemed appropriate to carry out the purposes of th[e PMWA.]").  Thus, time commuting to and from work that is not within the duties of the employee or that occurs before or after normal working hours is not

compensable.  In other words, time spent traveling is compensable only if it is (i) part of the duties of the employee and (ii) during normal working hours.  The travel time sought by Plaintiff was neither.

       1.     *Travel to and from Project Locations Was Not Part of the Duties of the Purported Pennsylvania Class Members.*

Travel between the purported Pennsylvania Class members' residences and their project locations was not part of their duties.  Plaintiff merely alleges that the Pennsylvania Class had to travel to and from project locations that were sometimes distant from their residences in Pennsylvania.  Plaintiff does not allege that the Pennsylvania Class was required to perform any tasks or undertake any other obligations on behalf of Atlas while traveling.  Indeed, the Pennsylvania Class members were free to travel to and from their project locations however they pleased.  Plaintiff alleges (without basis) that "Defendants generally expect"—not require—the Pennsylvania Class to arrive at the vicinity of their project location the night before the start of their first shift in an eight-day period.  (Am. Compl. ¶ 13.)  Even accepting this allegation as true, it shows only that Atlas generally expected the Pennsylvania Class to arrive in a timely fashion to be able to begin work on time the morning of their first shift, as any employer would.

It is common sense that employers hire employees for what they do at the workplace, and Atlas hired the Pennsylvania Class to maintain and construct railroads.  Their workplace was the project locations along railroads, wherever they were.  There was no home office or reporting location to which the Pennsylvania Class regularly reported.   Although the Pennsylvania Class members may have had a longer commute than many, getting to and from their project locations was their ordinary commute.  This was the nature of the work that the Pennsylvania Class agreed to perform when they agreed to work for Atlas.

Plaintiff implausibly attempts to characterize travel time as a duty of the Pennsylvania Class members' employment in the Amended Complaint:  "The basic duties of the manual labor performed by [the Pennsylvania Class members] requires travel from their Pennsylvania residence to the project site vicinity [and vice versa.]"  (Am. Compl. ¶ 16.)  Accordingly, Plaintiff admits a distinction between the manual labor performed by the Pennsylvania Class at their workplaces—the project locations—and the time they spent traveling to get to the project location where they performed the manual labor.  Plaintiff asserts that "it would be impossible for [the Pennsylvania Class members] to perform their jobs without engaging in such travel."  (Am. Compl. ¶ 16.)  But the same could be said for *any* employee who cannot work from home.  For example, although "it would be impossible for" a restaurant server to wait tables "without engaging in travel" from home to the restaurant, this fact does not make the server's travel time to and from the restaurant a "duty" of the server.  Plaintiff offers no support—because there is none—for such a theory of compensability.

Plaintiff also alleges that "Defendants strictly require [the Pennsylvania Class] to engage in travel from their Pennsylvania residence to the project site vicinity [and vice versa.]  Indeed, refusal to engage in such travel would result in termination."  (Am. Compl. ¶ 17.)  But again, every employer of employees who cannot work from home requires them to travel to and from their worksite.  The fact that a steelworker, for example, must travel to the steel mill to work or be terminated for not doing so does not make the steelworker's travel time to and from the mill a "duty" of the steelworker.  At bottom, Atlas expected its employees to be at a project location at the time that work—the construction and maintenance of railroads—was to begin.  How the employees got to project locations was ultimately up to them.

Therefore, even accepting the allegations in Plaintiff's Amended Complaint as true, the purported Pennsylvania Class members' travel time between their residences and project locations was not a part of their duties.  Travel was no more a part of the duties of the Pennsylvania Class than it is for any other employee who cannot work from home.  Indeed, Plaintiff's theory is that travel is an employment duty of the Pennsylvania Class and is thus compensable, but the logical conclusion of that theory is that *any* employee who travels to a worksite, near or far, must be compensated for that time.  There is no legal support for this conclusion.

2.     *Plaintiff's Allegation that Travel from the Purported Pennsylvania Class Members' Residences to Their Project Locations and Vice Versa Occurred During Normal Working Hours Is Not Plausible.*

Although Plaintiff makes some allegations that the travel between the Pennsylvania Class members' residences and their project locations sometimes had to occur during normal working hours, those allegations are not plausible when considered with the allegations of the Amended Complaint as a whole.  "Normal working hours" is an "undefined term" under the PMWA but likely means "hours that employees actually and reasonably work."  *See Caiarelli v. Sears Roebuck & Co.*, 616 Pa. 38, 46, 46 A.3d 643, 647 (2012) (McCaffery, J., dissenting).  To the extent that the Pennsylvania Class had "normal working hours" at all, Plaintiff describes them as one of eight consecutive 10.5-hour shifts generally running from approximately 7:00 am until approximately 5:30 pm.  (Am. Compl. ¶ 12.)

Plaintiff alleges that the Pennsylvania Class members sometimes had to travel during "normal," "regular," or "daytime" hours to get to and from their project locations.  (*See* Am. Compl. ¶¶ 14, 18, 19.)  But nothing in Plaintiff's allegations suggests that the Pennsylvania Class actually performed railroad construction or maintenance work while traveling.  Further, when the Pennsylvania Class members traveled from their residences to project locations or vice versa, as

Plaintiff alleges, that travel occurred before the first shift of an eight-day period or after the final shift of an eight-day period—that is, outside of the "normal working hours" as Plaintiff describes them.

Overall, the fact that the PMWA's definition of "hours worked" limits compensable time to time "during normal working hours" demonstrates that Pennsylvania law distinguishes between travel before and after working time as compared to travel during the workday.  34 Pa. Code § 231.1(b).  Even accepting Plaintiff's description of the Pennsylvania Class members' normal working hours and the remaining allegations in the Amended Complaint, travel time between their residences and project locations fell outside their normal working hours.

Therefore, travel time to and from the purported Pennsylvania Class members' project locations was not within their employment duties and did not plausibly occur within normal working hours.  Hence, under the plain language of the PMWA, the time the purported Pennsylvania Class spent traveling from their Pennsylvania residences to project locations and vice versa is not compensable.

>        3.       *Guidance from the Pennsylvania Department of Labor and Industry*
>                 *Shows that the Purported Pennsylvania Class Members' Travel Time*
>                 *Between Their Residences and Project Locations Is Not Compensable.*

Guidance provided by the Department demonstrates that the time the Pennsylvania Class spent traveling from their residences to project locations and vice versa is not compensable.  As the Department explains:

> Under Pennsylvania law, an employer must pay for travel time if an employee is required to report to the employer's establishment to clock in, load up, etc.  If an employee leaves directly from home to the job site or vice versa it is not paid time.

*General Wage and Hour Questions*, Pennsylvania Department of Labor & Industry, https://www.portal.state.pa.us/portal/server.pt?open=514&objID=563209&mode=2#20 (last visited Nov. 9, 2015).  This straightforward explanation shows that Pennsylvania law does not

require that the Pennsylvania Class be compensated for time spent "leav[ing] directly from home to the job site or vice versa." *Id.* Thus, along with the plain language of the PMWA, the Department's guidance dictates that employees do not get paid for their commute to and from work. Plaintiff and the Pennsylvania Class were no different, and their time spent traveling to and from project locations is not compensable.

4.    *The Limited Pennsylvania Authority Supports that Travel Time Between the Purported Pennsylvania Class Members' Residences and Project Locations Is Not Compensable.*

Plaintiff's claim fails as a matter of law under the plain language of the PMWA, the implementing regulations, and the Department's guidance. Further, the limited case authority regarding the compensability of travel time under the PMWA does not support Plaintiff's claims. To the extent that there is a leading case, it is *Caiarelli v. Sears Roebuck & Co.*, 616 Pa. 38, 46 A.3d 643 (2012). The *Caiarelli* plaintiffs were technicians who serviced Sears' appliances in customers' homes in Western Pennsylvania. They drove company vans to commute from home to their first service call of the day and then back home following the last service call. Sears did not compensate them for this commuting time, and plaintiffs alleged that Sears violated the PMWA by not doing so. *See id.*, 616 Pa. at 41, 45–46, 46 A.3d at 644, 647 (McCaffery, J., dissenting).

The trial court granted Sears' motion for summary judgment. *Id.*, 616 Pa. at 42, 46 A.3d at 645. Finding that Pennsylvania courts had not addressed the issue of commute time in company-owned vehicles, the trial court relied on federal law under the Fair Labor Standards Act ("FLSA") to hold that the technicians' "travel time amounted merely to commuting time, which is non-compensable[.]" *Id.*, 616 Pa. at 41, 46 A.3d at 644. The appellate court affirmed largely on the same grounds as the trial court but clarified that the trial court need not have resorted to federal law: "[I]t is clear that under *any* law, there is no need to compensate a worker for his or

her time commuting to work.  While the trial court judge referred to federal statutes, Pennsylvania law and state law throughout the country provides that there is no obligation to pay an employee for a commute to work." *Id.*, 616 Pa. at 43, 46 A.3d at 646 (emphasis in original).

The Pennsylvania Supreme Court initially took Plaintiffs' appeal, only to subsequently dismiss it as improvidently granted.  *Id.*, 616 Pa. at 40, 46 A.3d at 644.  Two justices, however, dissented from the denial of the appeal.  *Id.*, 616 Pa. at 41, 46 A.3d at 644 (McCaffery, J., dissenting).  Although they would have reversed the grant of summary judgment, they would have done so because they argued that the courts below mischaracterized the issue raised as mere commuting time when in fact the technicians had alleged that they were required to perform work for the company while driving, such as transporting parts, scheduling appointments, and checking assignment information on handheld work computers (Plaintiff makes no such allegations here).  *Id.*, 616 Pa. at 43–46, 46 A.3d at 646–47.  According to the dissent, there was enough evidence in the record to create a genuine issue of material fact whether the technicians were required to perform work while traveling.  *Id.*, 616 Pa. at 45, 46 A.3d at 647.  Furthermore, the dissent chided the lower courts for relying on federal law, noting that the Pennsylvania legislature "has not in any way adopted" the relevant federal law and asserting that "[t]here simply was no justification for the lower courts here to apply or follow federal law instead of Pennsylvania law in this case."  *Id.*, 616 Pa. at 46, 46 A.3d at 648; *see also Bonds v. GMS Mine Repair & Maint., Inc.*, No. 2:13-CV-1217, 2015 WL 5602607, at *11 (W.D. Pa. Sept. 23, 2015) (citing *Caiarelli* to emphasize a "substantive difference" between the FLSA and PMWA en route to declining to exercise supplemental jurisdiction over PMWA claims in an FLSA case).

Here, *Caiarelli* supports the conclusion that the time the Pennsylvania Class spent traveling from their Pennsylvania residences to project locations and vice versa is not

compensable under Pennsylvania law.  Although the Pennsylvania Supreme Court's *Caiarelli*

dissent took the lower courts to task for their characterization of the issues and their mistaken

reliance on federal law, the dissent did not dispute the general proposition that ordinary

commuting time is not compensable under Pennsylvania law.  That general proposition stands

unquestioned and directs the outcome in this case.  Unlike the plaintiffs in *Caiarelli*, Plaintiff has

not alleged any facts to suggest that the Pennsylvania Class was required to perform work for

Atlas while traveling to and from project locations.  Without those facts, Plaintiff's claim for

uncompensated travel time certainly fails.  And, even with such facts—which is not the case

before us—Plaintiff's claim would fail nonetheless considering the lower court opinions in

*Caiarelli*, which awarded summary judgment to the employer notwithstanding some indications

that the plaintiffs had to perform work for the company while commuting to and from job sites.

In sum, there is no authority under Pennsylvania law for the proposition that a commute

between home and work—even a long one—is compensable, particularly where no facts are

alleged regarding any duties to be performed during the commute.  Indeed, the only case to

consider this issue, *Caiarelli*, confirmed that ordinary travel time is not compensable.

B.     The Purported Pennsylvania Class Members' Time Spent Traveling Between One
        Project Location and Another Is Not Compensable.

For largely the same reasons described above regarding travel between home and project

locations, Plaintiff's claim for uncompensated time spent traveling between one project location

and another fails because mere travel from one jobsite to the next is not compensable under

Pennsylvania law.  As identified above, the PMWA establishes that travel time is compensable

only if it is (i) part of the duties of the employee and (ii) during normal working hours.  *See* 34

Pa. Code § 231.1(b).  Yet, Plaintiff has not alleged plausible facts to support either regarding the

claimed project-to-project travel here.  The pertinent allegation in the Amended Complaint states

that the Pennsylvania Class members were "sometimes . . . required to travel from one project site to another during the 8-day period between the first 10.5-hour shift and the eighth 10.5-hour shift.  Sometimes, due to on [sic] the distance between the project sites, it is necessary for [the Pennsylvania Class members] to travel between project sites during their normal working hours." (Am. Compl. ¶ 15.)  But this implausible allegation does not state a claim for which relief can be granted because such travel time is not compensable.

First, the alleged project-to-project travel was not part of the duties of the Pennsylvania Class.  As explained above, Atlas hired the purported Pennsylvania Class to construct and maintain railroads, not to travel to and from different railroads.  There is no allegation that the Pennsylvania Class members were required to perform any tasks while traveling from one project site to another.  Rather, they were free to travel how they pleased.  To the extent that the Pennsylvania Class was sometimes "required" to travel from one project location to another at all, as Plaintiff alleges, that travel was only "required" in the same sense that any employee who cannot work from home is "required" to travel to their worksite.  In other words, the travel was something that must have happened for the Pennsylvania Class members to be at their assigned project locations, but the travel was not a part of their railroad construction and maintenance employment duties.

Second, the allegation only implausibly suggests that project-to-project travel occurred during normal working hours.  The Amended Complaint states that the Pennsylvania Class members sometimes had to travel from one project location to another during a single eight-day period and that such travel sometimes occurred during normal working hours.  (Am. Compl. ¶ 15.)  Plaintiff simply recites a legal conclusion when he alleges that project-to-project travel sometimes occurred during normal working hours.  Such a conclusory statement cannot support

a complaint against a motion to dismiss. *See Underwriters*, 762 F.3d at 334. As pled, the allegation essentially states that at some point during an eight-day period, the Pennsylvania Class members may have had to go from one project site to another. This travel could have happened anytime, perhaps at the tail end of a shift or after a shift was over and before the next one began. There is no allegation, for example, that the Pennsylvania Class had to travel from one project location to another during the same 10.5-hour shift. Even in Plaintiff's purported example of project-to-project travel, only "some" of that travel occurred "during daytime hours"—not necessarily during normal working hours. (Am. Compl. ¶ 19.)

In sum, Plaintiff's allegations regarding project-to-project travel time fail to state a claim. Even accepting those allegations, the purported Pennsylvania Class members merely traveled from one project location to another at some point during an eight-day period. Even if that travel occurred during normal working hours—which the Amended Complaint alleges only implausibly—that time was not within the Pennsylvania Class members' employment duties and is thus not compensable. Rather, the alleged project-to-project travel time amounts to nothing more than ordinary commute time, which is not compensable under Pennsylvania law. Plaintiff's claim for unpaid project-to-project travel time, therefore, should be dismissed with prejudice along with the rest of the Amended Complaint.

III.   GENESEE & WYOMING IS NOT A PROPER DEFENDANT IN THIS CASE BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER GENESEE & WYOMING AND BECAUSE GENESEE & WYOMING DID NOT EMPLOY THE PURPORTED PENNSYLVANIA CLASS.

The claim against G&W should be dismissed because the Court does not have personal jurisdiction over G&W. Furthermore, even if the Court did have personal jurisdiction—which it does not—the claim against G&W should be dismissed because G&W was not an employer or

joint employer of the purported Pennsylvania Class members under the PMWA.  In sum, G&W has no role in this case and is not a proper defendant.

A.    <u>The Court Lacks Personal Jurisdiction Over Genesee & Wyoming.</u>

Because the Court does not have personal jurisdiction over G&W, Plaintiff's claim against G&W should be dismissed.  Fed. R. Civ. P. 12(b)(2).

The plaintiff bears the burden of demonstrating that personal jurisdiction over a defendant exists.  *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007).  Under Federal Rule of Civil Procedure 4(k), "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Marten*, 499 F.3d at 296 (internal quotation and citation omitted); *see also* Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania state law provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States."  42 P.S. § 5322(b).

The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Marten*, 499 F.3d at 296 (internal quotation and citation omitted).  Having minimum contacts with another state offers fair warning to a defendant that he or she may be subject to suit in that state.  *Id.*

These principles have yielded two recognized types of personal jurisdiction:  "general jurisdiction" exists when a defendant has maintained systematic and continuous contacts with the forum state; and "specific jurisdiction" exists when the claim arises from or relates to conduct purposely directed at the forum state.  *Id.*  For specific jurisdiction to exist, the defendant must have purposefully directed his activities at the forum state; the plaintiff's claim must arise out of

or relate to at least one of those specific activities; and any additional factors may be considered to ensure fair play and substantial justice. *Id.* (quotations and citations omitted).

Here, neither general jurisdiction nor specific jurisdiction exists for the Court to exercise personal jurisdiction over G&W, which is not a Pennsylvania resident. (Exhibit A, Declaration of Allison M. Fergus ("Ex. A"), ¶ 2.) First, the Court lacks general jurisdiction because G&W does not have any systematic or continuous contacts with Pennsylvania. G&W has never been authorized to transact business in Pennsylvania. (Ex. A, ¶ 2.) Nor has G&W ever had any officer, employee, registered agent for service of process, bank account, asset, or property in Pennsylvania. (Ex. A, ¶ 3.) In short, G&W does not and has never maintained a presence in Pennsylvania. Its conduct can in no way be said to "rise to the necessary level of *extensive and pervasive contact* required to support a finding of general jurisdiction." *Rudolph v. Safari Club Int'l*, No. 12CV1710, 2013 WL 3168588, at *4 (W.D. Pa. June 20, 2013) (emphasis added) (granting motion to dismiss for lack of personal jurisdiction and finding that the court lacked general jurisdiction over defendant, a Pennsylvania-licensed investment advisor, despite his numerous communications with plaintiff, a Pennsylvania resident).

Second, the Court lacks specific jurisdiction over G&W because G&W had nothing to do with the conduct giving rise to Plaintiff's meritless claims in this case. G&W did not employ the purported Pennsylvania Class members. (*See* Ex. A, ¶ 3.) Nor did G&W have anything to do with the specific railroad construction and maintenance services for which Atlas employed the purported Pennsylvania Class members. (*See* Ex. A, ¶ 5.) Rather, G&W is a holding company that does not operate, construct, or maintain any railroad, railroad equipment, or railroad operations in Pennsylvania or anywhere else. (Ex. A, ¶¶ 4–5.) Thus, G&W has not directed any purposeful activities toward Pennsylvania, let alone activities that gave rise to Plaintiff's claims

in this case.  Indeed, it would offend notions of fair play and substantial justice for G&W to have to defend itself in this Court.

Therefore, the Court has neither general nor specific personal jurisdiction over G&W. Although Plaintiff alleges that Atlas is headquartered in Pennsylvania[1] and is the wholly owned subsidiary of G&W, the mere fact that G&W is the parent of a company that does business in Pennsylvania does not establish that a Pennsylvania court would have personal jurisdiction over G&W.  *See, e.g.*, *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 317–18 (W.D. Pa. 2010) ("The parent-subsidiary relationship itself is not sufficient to establish in personam jurisdiction over the parent entity."), *aff'd*, 683 F.3d 462 (3d Cir. 2012).  Therefore, because the Court lacks personal jurisdiction over G&W, Plaintiff's claim against G&W should be dismissed.

     B.     <u>Plaintiff's Allegations Fail to Show that Genesee & Wyoming Employed the Purported Class Members.</u>

Even if the Court had personal jurisdiction over G&W—which it does not—Plaintiff's claim against G&W should be dismissed for the additional reason that the Amended Complaint fails to establish that G&W was an employer of Plaintiff or the purported Pennsylvania Class members under the PMWA.  The PMWA defines an "employer" as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe[e]."  43 P.S. § 333.103(g). Yet, as Plaintiff pleads in the Amended Complaint, it was Atlas, not G&W, that was in the business of providing the railroad engineering, construction, maintenance, and repair services that utilized the manual labor performed by the Pennsylvania Class.  (*See* Am. Compl. ¶¶ 3, 8, 9.)  Further, it was Atlas, not G&W, that appeared on Plaintiff's paystubs as Plaintiff's employer.

---

[1] Atlas is headquartered in Florida, not Pennsylvania.  (*See* Dkt. 5, Answer and Affirmative Defenses to Complaint by Atlas Railroad Construction, LLC, ¶ 2.)

(*See* Am. Compl. ¶ 4.)  In short, except perhaps for a conclusory legal statement that "Defendants are employers covered by the PMWA[,]" nothing in the Amended Complaint alleges that G&W employed the Pennsylvania Class members.  (Am. Compl. ¶ 5.)

Rather, it is apparently Plaintiff's theory that G&W was a joint employer of the Pennsylvania Class.  (*See* Am. Compl. ¶ 8 ("Defendants, operating *jointly* through the Atlas subsidiary, provide railroad engineering, construction, maintenance and repair services, throughout the United States." (emphasis added)).)  But this theory lacks any basis in the allegations of the Amended Complaint.

Whether one is a joint employer under the PMWA depends on traditional factors like degree of control over the employee, wage payment, right to select or discharge the employee, and the skill or expertise required to perform the work at issue.  *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 958 A.2d 1050, 1060 (Pa. Commw. Ct. 2008), *aff'd*, 607 Pa. 527, 8 A.3d 866 (2010).  The Amended Complaint, however, does not allege that G&W exercised any control over the Pennsylvania Class members, that G&W paid their wages, that G&W had the right to select or discharge them, or that any special skill or expertise would have made them employees of G&W instead of Atlas.  On the contrary and as noted above, the Amended Complaint alleges that Atlas paid Plaintiff's wages and that the manual labor skills of the purported Pennsylvania Class members pertained to services that Atlas, not G&W, provided. (*See* Am. Compl. ¶¶ 3, 4, 8, 9.)

Therefore, G&W was neither an employer nor joint employer of the purported Pennsylvania Class members, and Plaintiff's bare recitals to that effect are implausible legal conclusions that cannot support a complaint against a motion to dismiss.  *See Underwriters*, 762 F.3d at 334.  Contrary to what the Amended Complaint implies, a parent company is not

necessarily a joint employer of a subsidiary company's employees by the mere fact of a parent-subsidiary relationship.  Because G&W was not an employer of Plaintiff or the Pennsylvania Class members in any way, the claim against G&W should be dismissed.

CONCLUSION

For the above reasons, Defendants Atlas Railroad Construction, LLC and Genesee & Wyoming Inc. respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.


Dated:  November 13, 2015

Respectfully submitted,

/s/ Corey Clay
Stanley Weiner (*pro hac vice*)
Corey Clay (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
sweiner@jonesday.com
cclay@jonesday.com

Karen Gal-Or (Pa. I.D. 317258)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
kgalor@jonesday.com

Counsel for Defendants Atlas Railroad Construction, LLC and Genesee & Wyoming Inc.

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2015, a copy of the foregoing Memorandum of

Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint was filed

electronically.  Notice of this filing will be sent by operation of the Court's electronic filing

system to all parties indicated on the electronic filing receipt.  Parties may access this filing

through the Court's system.


/s/ Corey Clay

Counsel for Defendants Atlas Railroad
Construction, LLC and Genesee & Wyoming
Inc.