IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RAFAEL ESPINOZA, <br><br> Plaintiff, <br><br> v. <br><br> ATLAS RAILROAD CONSTRUCTION, LLC and GENESEE & WYOMING, INC., <br><br> Defendants. | : <br> : <br> :    2:15-cv-01189-MPK <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFF'S MEMORANDUM OF LAW IN
<u>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

Dated:  December 14, 2015
                                             Peter Winebrake
                                             R. Andrew Santillo
                                             Mark J. Gottesfeld
                                             Winebrake & Santillo, LLC
                                             715 Twining Road, Suite 211
                                             Dresher, PA 19025
                                             (215) 884-2491

                                             *For Plaintiff and the Putative Class*

**TABLE OF CONTENTS**

I.    FACTS ...................................................................................................................1

      A.  Plaintiff's job duties included travel to, from, and between project sites located hundreds of miles from his home................................................1

      B.  Some of Plaintiff's travel <u>to</u> far-away project sites occurred during normal working hours........................................................................2

      C.  Some of Plaintiff's return travel <u>from</u> far-away project sites occurred during normal working hours........................................................................2

      D.  Some of Plaintiff's travel <u>between</u> project sites occurred during normal working hours........................................................................3

      E.  Plaintiff's compensation did not include time spent traveling to, from, or between project sites during normal work hours. Plaintiff alleges that this violates the PMWA............................................3

II.   ARGUMENT.........................................................................................................4

      A.  The applicable standard of review ...........................................................4

      B.  The PMWA's "Hours Worked" regulation does not limit Plaintiff's compensable hours to time spent at the project site .................5

      C.  Plaintiff adequately pleads that the travel time in question was "part of [his] duties."........................................................................6

      D.  Plaintiff adequately pleads that the travel time in question arose "during normal working hours."......................................................8

      E.  This lawsuit does not concern "commuting" time .....................................9

      F.  Atlas' legal authority concerns commuting time and, as such, is inapplicable ..............................................................................10

III.  CONCLUSION...................................................................................................11

Defendant Atlas Railroad Construction, LLC ("Atlas") has filed a Rule 12(b)(6) motion asking the Court to hold that, under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq., workers assigned to project sites located *hundreds of miles* from their homes are not entitled to be paid for time spent traveling *during normal working hours* to, from, and between the project sites.  Because such a draconian holding would contradict the pertinent regulatory language, the motion should fail.[1]

## I. FACTS

### A. Plaintiff's job duties included travel to, from, and between project sites located hundreds of miles from his home.

Plaintiff lives in Chambersburg, PA.  See Amended Complaint ("Am. Cpl.") (Doc. 19) at ¶ 5.  Prior to April 2015, he was employed by Atlas to perform manual labor at railroad construction, maintenance, and repair projects located throughout the United States.  See id. at ¶¶ 9-10.

Atlas often assigned Plaintiff to projects "located *hundreds of miles away* from" his home.  Am. Cpl. at ¶ 11 (emphasis supplied).  "The basic duties of the manual labor performed by Plaintiff" required travel to, from, and between project sites.  Id. at ¶ 16.  Indeed, it was impossible for Plaintiff, who worked at the project sites, to perform his job without engaging in such travel."  See id.  Refusal to travel would result in termination.  Id. at ¶ 17.

The remoteness of the project sites "ma[de] it impossible for [Plaintiff] to commute on a daily basis between [his home] and the project locations."  Am. Cpl. at ¶ 11.  Thus, Plaintiff was required to "stay in hotels, motels, or other temporary housing" near the project site.  Id.

---

[1]  Co-Defendant Genesee & Wyoming, Inc. also argues that it is not subject to the Court's jurisdiction and did not employ Plaintiff.  See Def. Br. (Doc. 21) at 16-18.  These arguments are rendered moot by Plaintiff's voluntary dismissal of Genesee & Wyoming, Inc.  See Doc. 22.

### B. Some of Plaintiff's travel <u>to</u> far-away project sites occurred during normal working hours.

Atlas generally scheduled Plaintiff to work "pursuant to a recurring schedule consisting of: (i) eight (8) consecutive 10.5-hour shifts (generally running from approximately 7:00 am until approximately 5:30 pm) at the project site followed by (ii) six consecutive days away from the project site." Am. Cpl. at ¶ 12.

Atlas generally expected Plaintiff "to arrive at the hotel, motel, or other temporary housing unit near the assigned project site on the evening before the first 10.5-hour shift." Am. Cpl. at ¶ 13. Thus, if Plaintiff's first 10.5-hour shift was scheduled to begin on a Thursday morning, he was required to arrive at the hotel, motel, or other temporary housing unit on or before Wednesday evening. See id.

Due to the long distances between Plaintiff's home and the assigned project sites, Plaintiff sometimes was required to travel to the project site location during his normal working hours of 7:00am-5:00pm. For example, in the late-Fall of 2014, Atlas assigned Plaintiff to a project site located in or around Chicopee, Massachusetts. See Am. Cpl. at ¶ 19. This project site was located ***372 miles*** from Plaintiff's Chambersburg home.[2] In order to arrive in Chicopee on the evening before his first shift, Plaintiff was required to drive during daytime hours from Chambersburg to Chicopee. See id.

### C. Some of Plaintiff's return travel <u>from</u> far-away project sites occurred during normal working hours.

After completing his eighth consecutive 10.5-hour shift, Plaintiff was required to travel

---

[2] The Court may take judicial notice of these distances, which are taken from the Mapquest website. See, e.g., Baker v. Eric M. Berman, P.C., 2009 U.S. Dist. LEXIS 97469, *17 n. 5 (W.D. Pa. Oct. 21, 2009); Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 199 n. 4 (E.D. Pa. 2008).

back to Chambersburg.  See Am. Cpl. at ¶ 14.  Since it would be unsafe for Plaintiff to drive hundreds of miles home on the evening immediately following his 10.5-hour shift, some of the return travel would take place during normal working hours on the day after the eighth consecutive 10.5-hour shift.  See id.  Such was the case when Plaintiff returned to Chambersburg from a project site in Lima, Ohio in the late-Fall of 2014.  See id. at ¶ 19.  Plaintiff was unable to complete the entirety of this *416-mile* trip during the evening hours.

> **D. Some of Plaintiff's travel between project sites occurred during normal working hours.**

Plaintiff sometimes was required to travel from one project site to another during the 8-day period between the first 10.5-hour shift and the eighth 10.5-hour shift.  See id. Am. Cpl. at ¶ 15.  Sometimes, such travel would take place during Plaintiff's normal working hours of 7:00am-5:00pm.  See id.  For example, in the late-Fall of 2014, Plaintiff was required to drive from the Chicopee, MA project site to the Lima, OH project site.  See id. at ¶ 19.  This was a *720-mile* trip, and. due to the long distance, some of the driving occurred during daytime hours.  See id.

> **E. Plaintiff's compensation did not include time spent traveling to, from, or between project sites during normal working hours.  Plaintiff alleges that this violates the PMWA.**

Atlas did not award any payroll credit to Plaintiff for the above-described travel activities during Plaintiff's normal working hours of 7:00am-5:00pm.  See Am. Cpl. at ¶¶ 18-19.  As a result, Plaintiff did not receive any compensation – including overtime premium compensation – when such travel hours exceeded 40 in a week.  Id.

Plaintiff asserts that Atlas' failure to compensate him for travel occurring during normal working hours violated the PMWA.  See id. at Count I.  Under the PMWA, employees are entitled to be paid for all of their hours worked, see Lugo v. Farmers Pride, Inc., 967 A.2d 963,

3

967-69 (Pa. Super. 2009), and are entitled to be paid "one and one-half times" their regular pay rate when such hours exceed 40 hours per week, see 43 P.S. §333.104(c); 34 Pa. Code §231.41.

## II. ARGUMENT

### A. The applicable standard of review.

This Court has described the applicable standard of review as follows:

> In order to avoid dismissal under Rule 12(b)(6), a pleading party's complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge [his or her] claims across the line from conceivable to plausible.'" Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. at 555.
>
> In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss." Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at 679. In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679.) Generally speaking, a Complaint that provides adequate facts to establish

4

> "how, when, and where" will survive a Motion to Dismiss. Fowler, 578 F.3d at 212; see also Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x. 774, 776 (3d Cir. 2009). If a court determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, irrespective of whether Plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. Phillips, 515 F.3d at 236.

Lapaglia v. Borough of Baldwin, 2013 U.S. Dist. LEXIS 69423, *3-6 (W.D. Pa. May 16, 2013) (Kelly, CMJ).

### B. The PMWA's "Hours Worked" regulation does not limit Plaintiff's compensable hours to time spent at the project site.

Atlas asserts that Plaintiff's travel activities cannot constitute compensable work because such activities took place away from the project site where Plaintiff performed manual labor. See Def. Br. (Doc. 21) at 5-7. This assertion cannot be squared with the PMWA's pertinent regulatory language, which provides:

> Hours worked – The term includes time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, ***time spent in traveling as part of the duties of the employee during normal working hours*** and time during which an employee is employed or permitted to work.

34 Pa. Code § 231.1 (emphasis supplied). This regulatory definition has been followed and enforced by Pennsylvania courts. See, e.g., Lugo, 967 A.2d at 967.

As indicated, the "Hours worked" definition includes "time spent in traveling as part of the duties of the employee during normal working hours" as one of several ***independent*** categories of "Hours worked." See 34 Pa. Code § 231.1. Another independent category includes time during which an employee is required "to be on duty or to be at the prescribed work place." Id.

Atlas' assertion that Plaintiff's "Hours worked" are limited to time spent at the project

5

site would make sense if the term's regulatory definition were strictly limited to time spent "on duty or at the prescribed workplace." But that is not what the regulation says. Rather, time spent "on duty or at the prescribed workplace" is just one of several listed categories of "Hours worked." Atlas' narrow interpretation of the regulation renders superfluous an independent category of work hours: "time spent in traveling as part of the duties of the employee during normal working hours." Ignoring this additional category of "Hours worked" violates the basic rule that, in interpreting a statute or regulation, courts must give meaning to *all* of the language without rendering any part thereof superfluous. See 1 P.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all of its provisions."); Frazier v. Workers' Compensation Appeal Board, 52 A.3d 241, 245 (Pa. 2012) (courts "should construe statutes to give effect to all of their provisions, and should not ignore language nor render any portion of the statute superfluous").

In sum, the regulatory language flatly contradicts Atlas' argument that activities must be performed at the project site to be compensable.

### C. Plaintiff adequately pleads that the travel time in question was "part of [his] duties."

As noted above, the PMWA's definition of "Hours worked" includes "time spent in traveling *as part of the duties of the employee* during normal working hours." 34 Pa. Code § 231.1 (emphasis supplied). Atlas argues that Plaintiff's travel to far-away project sites was not part of his duties. See Def. Br. (Doc. 21) at 5-8.

Atlas' argument ignores the applicable Rule 12(b)(6) standard. At the motion to dismiss stage, Plaintiff is merely required to demonstrate that liability is "plausible." See Lapaglia, 2013 U.S. Dist. LEXIS 69423, at *3-6. Thus, the pertinent question is whether, based

6

on the factual allegations in Plaintiff's amended complaint, it is "plausible" that traveling to far-away project sites can be characterized as "part of" Plaintiff's job duties?

The answer to this question is "yes." Plaintiff has clearly alleged that his job entailed traveling to, from, and between far-away project sites in order to perform manual labor at the site locations. See Section I supra (summarizing factual allegations). Such travel was a fundamental requirement of his job. See id.

Plaintiff's circumstances are not unusual or surprising. Many workers – from "high-flying" business executives to traveling salespeople to carnival workers – have job duties that include, among other things, travel to far-away locations. Indeed, it is not unusual for a job posting to state that the job requires travel or for someone to make a statement such as "my job requires a lot of travel." Plaintiff is such an employee. His job duties include, among other things, traveling to remote project sites located throughout the United States.

Of course, discovery is likely to shed further light on the scope of Plaintiff's job duties. For example, employee handbooks, company memoranda, rules, and directives, and job postings/descriptions might affirmatively present travel as one of Plaintiff's job duties. Also, evidence might reveal that workers compensation benefits have been paid when Plaintiffs' co-workers were injured while traveling to, from, or between project sites. Having plausibly asserted that his job duties included travel to far-away project sites, Plaintiff should be permitted to pursue such discovery. Atlas' attempt to short-circuit this lawsuit at the pre-discovery stage should fail.[3]

---

[3] Atlas also argues that Plaintiff cannot recover for the travel time in question because "[t]his was the nature of the work that [Plaintiff] agreed to perform when [he] agreed top work for Atlas." Def. Br. (Doc. 21) at 5.  This argument lacks merit. The whole purpose of wage and

### D. Plaintiff adequately pleads that the travel time in question arose "during normal working hours."

As noted above, the PMWA's definition of "Hours worked" includes "time spent in traveling as part of the duties of the employee *during normal working hours*." 34 Pa. Code § 231.1 (emphasis supplied). Atlas asserts that it is "not plausible" for the Court to conclude that some of Plaintiff's travel to, from, and between far-away project sites did not occur during normal working hours. See Def. Br. (Doc. 21) at 7-13. As discussed below, Plaintiff disagrees.

Plaintiff's amended complaint clearly alleges that his normal working hours extended from approximately 7am-5pm and that some of his travel necessarily occurred during these daytime periods. See Section I supra (summarizing factual allegations). There is nothing "implausible" about the notion that Plaintiff was required to travel during such normal working hours when, in order to reach the project site on the evening prior to his first scheduled shift, he made a *372-mile* trip from Chambersburg, PA to Chicopee, MA. See Am. Cpl. at ¶ 19. Nor is it implausible that Plaintiff was required to travel during normal working hours when he made the *720-mile* trip from the Chicopee, MA project site to the Lima, OH project site. See id. Nor is it implausible that Plaintiff, after completing a 10.5 hour shift in Lima, OH, was not able to make the entirety of his *416-mile* trip home during nighttime hours. See id.

In sum, Plaintiff's amended complaint plausibly alleges that some of his travel to, from, and between far-away project sites occurred during his "normal working hours" of 7am-5pm.

---

hour laws is to create statutory rights that cannot be waived by agreement. See generally Deitz v. Budget Renovations & Roofing, Inc., 2013 U.S. Dist. LEXIS 75005, *4 (M.D. Pa. May 29, 2013). The PMWA is such a statute. See 43 P.S. § 333.101; Glatts v. Crozier-Keystone Health System, 645 F. Supp. 2d 446, 449 (E.D. Pa. 2009) (PMWA rights exist independent of collective bargaining agreement).

8

### E. This lawsuit does not concern "commuting" time.

Atlas repeatedly asserts that Plaintiff seeks to recover for ordinary "commuting" time. See Def. Br. (Doc. 21) at 5-13. This is incorrect. Plaintiff's lawsuit has nothing to do with commuting time. In this regard, Plaintiff does ***not*** seek to recover for: (i) time spent traveling between his hotel/motel/temporary housing unit and the assigned project site; (ii) time spent traveling between his Chambersburg home and project sites in the evenings or early morning hours; or (iii) time spent traveling between project sites in the evenings or early morning hours. Such travel time arises before or after "normal working hours" and, therefore, is not compensable under 34 Pa. Code § 231.1.

Plaintiff merely seeks to recover for those occasions when, due to the remoteness of the project sites, he was required to travel during his "normal working hours," 34 Pa. Code § 231.1, of 7am-5pm. It is this "normal working hours" requirement that, under the PMWA, distinguishes non-compensable commuting time from compensable travel time. In this regard, the PMWA coincides with the federal Fair Labor Standards Act ("FLSA"), which similarly defines compensable work to include travel occurring during normal working hours:

> Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days.

29 C.F.R. § 785.39; see also Mendez v. Radec Corp., 232 F.R.D. 78, 85-88 (W.D.N.Y. 2005) (plaintiffs entitled to pay for time spent traveling to distant job sites during normal working hours); Ellen C. Kearns, The Fair Labor Standards Act, 2d. Edition (ABA Section of Labor and

9

Employment Law) at Chapter 8, pp. 70-71 ("When employees are required to take a trip by car, train, or other public transportation that keeps them away from home overnight, all time spent traveling during the hours corresponding to the employees' normal working hours must be counted as time worked.").

Atlas fails to explain why Plaintiff's lawsuit, which is narrowly tailored to long-distance travel arising during his normal working hours, should not proceed to discovery. Indeed, it appears that Atlas recently settled a similar FLSA collective action lawsuit in the Northern District of Ohio. See Braucher v. Atlas Railroad Construction, LLC, 5:14-cv-01601-BYP.

### F. Atlas' legal authority concerns commuting time and, as such, is inapplicable.

Atlas references two decisions – Ciarelli v. Sears Roebuck & Co., 46 A.3d 643 (Pa. 2012), and Bonds v. GMS Mine Repair & Maintenance, Inc., 2015 U.S. Dist. LEXIS 127769 (W.D. Pa. Sept. 23, 2015) – in support of its argument that the time Plaintiff spends traveling to, from, and between far-away project sites during normal working hours is not compensable. See Def. Br. (Doc. 21) at 8-10. As discussed below, however, these cases merely stand for the unremarkable proposition that employees are not entitled to be paid for commuting time at the beginning and end of the workday.

Atlas' reliance on the Supreme Court's Ciarelli decision is misplaced. First of all, Ciarelli has no apparent precedential value, since the Supreme Court found the appeal to be improvidently granted, see Ciarelli, 46 A.3d at 644, and the Superior Court's decision is unpublished, see 988 A.2d 713. Moreover, the dissent authored by former Justice McCafferty – who thought the Supreme Court should have taken the appeal – explains that Ciarelli involved daily travel time incurred by service repair technicians driving between their homes and their customers at the beginning and end of the workday. See Ciarelli, 46 A.3d at 644. The trial

court and the Superior Court found such daily driving was ordinary commuting arising outside of normal working hours.  See id. at 644-46.  Judge McCafferty opined that even such daily commuting time might be compensable under the PMWA.  See id. at 646-48.

If Plaintiff was seeking pay for his daily commute between the motel/hotel/temporary housing unit and the project site, Ciarelli might be instructive.  But, as already explained, Plaintiff does not seek to recover for such daily commuting.  He merely seeks to recover for time spend traveling *during normal working hours* to job sites located hundreds of miles away from his home and/or each other.  Ciarelli has no bearing on the compensability of such travel.

Atlas also references Bonds, which concerns the compensability of certain preliminary activities performed by workers prior to the beginning of their shifts.  See Bonds, 2015 U.S. Dist. LEXIS 127769, at *15.  Bonds has nothing to do with the compensability of travel time during normal working hours.  Like Ciarelli, it is entirely inapplicable.

Finally, Atlas references a page from the Pennsylvania Department of Labor and Industry website.  See Def. Br. (Doc. 21) at 8-9.  But once again, the quoted language is unhelpful because it concerns daily commuting "directly from home to the job site and vice versa."  The website language – unlike 34 Pa. Code § 231.1 – does not purport to address travel time during normal working hours.

### III. CONCLUSION

For all of the above reasons, Plaintiff's motion to dismiss should be denied.

Date:  January 14, 2015                                         Respectfully,

                                                                /s/ Peter Winebrake
                                                                Peter Winebrake
                                                                R. Andrew Santillo
                                                                Mark J. Gottesfeld
                                                                Winebrake & Santillo, LLC

715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiff and the Putative Class*

12

## **DECLARATION OF SERVICE**

I declare, subject to the penalty of perjury, that the accompanying document is being served on the following defense counsel by ECF:

>Corey Clay, Esq.
>Stanley Weiner, Esq.
>Jones Day
>901 Lakeside Avenue
>Cleveland, OH  44114
>
>Karen Gal-Or, Esq.
>Jones Day
>500 Grant Street, Suite 4500
>Pittsburgh, PA  15219

Date:  December 14, 2015           /s/ Peter Winebrake
                                                            Peter Winebrake
                                                            Winebrake & Santillo, LLC
                                                            715 Twining Road, Suite 211
                                                            Dresher, PA 19025
                                                            (215) 884-2491