# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| RAFAEL ESPINOZA, Individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATLAS RAILROAD CONSTRUCTION, LLC and GENESEE & WYOMING, INC., <br><br> Defendants. | Civil No.: 2:15-CV-01189-MPK <br><br> Magistrate Judge Maureen P. Kelly |

## **DEFENDANT ATLAS RAILROAD CONSTRUCTION, LLC'S REPLY IN RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Stanley Weiner (*pro hac vice*)
Corey Clay (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
sweiner@jonesday.com
cclay@jonesday.com

Karen Gal-Or (Pa. I.D. 317258)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
kgalor@jonesday.com

Counsel for Defendant Atlas Railroad Construction, LLC

## INTRODUCTION

Without citing to any authority, Plaintiff asks this Court to hold that merely having to show up to work makes travel to the workplace part of the duties of employment and compensable. Pennsylvania law does not support such a proposition. Nor does Plaintiff sufficiently allege that the travel time sought occurred during "normal working hours" under Pennsylvania law. Therefore, Plaintiff's claim for unpaid travel time is without merit and should be dismissed.

## ARGUMENT

I. PLAINTIFF MISCONSTRUES ATLAS' ARGUMENT.

Plaintiff endeavors to rebut Atlas' "argument that activities must be performed at the project site to be compensable." (Dkt. 23, Response at 5–6.) Atlas does not make this argument. Rather, Atlas submits that in this case, because travel was not within Plaintiff's employment duties and/or because the travel time sought occurred outside of normal working hours, Plaintiff fails to state a claim for travel time under the Pennsylvania Minimum Wage Act ("PMWA").

II. THE TRAVEL TIME SOUGHT WAS NOT AN EMPLOYMENT DUTY.

    A. Merely Having to Be Present Does Not Make Travel to Job Sites a Duty of Employment.

Plaintiff does not dispute that for travel time to be compensable under the PMWA, it must be "part of the duties of the employee." *See* 34 Pa. Code § 231.1(b). Nor does Plaintiff allege that he was required to perform any tasks or undertake any other obligations on behalf of Atlas while traveling to and from job sites, such as transporting equipment or scouting new project locations. Instead, Plaintiff's entire theory for compensability rests on a single allegation: "his job entailed traveling to, from, and between far-away project sites in order to perform manual labor at the site locations." (Response at 7.) However, Plaintiff does not—and

cannot—cite any authority for his extraordinary conclusion that merely because he had to travel "in order to perform" his work, travel was a part of his employment duties.

Indeed, such a theory of employment duties results in the untenable conclusion that any employee who must go *anywhere* for work—no matter the distance—would be entitled to compensation for time spent getting to and from work. Without any citation to case authority, Plaintiff points to "high-flying" business executives, traveling salespeople, and carnival workers as supposed counterexamples, (*see id.*), but these references are inapt. While business executives and traveling salespeople (who may be exempt from wage laws regardless) have a home office to which they normally report when not making business trips, Plaintiff alleges no such home base here. Rather, Plaintiff's ordinary workplace consisted of the various job sites along railroads, and getting to and from these job sites was Plaintiff's regular routine. Meanwhile, carnival workers likely perform work while traveling by facilitating the movement of carnival equipment from one venue to the next. Plaintiff has not alleged that he was required to perform any work functions while traveling.

Overall, there is no dispute that Atlas hired Plaintiff to construct and maintain railroads. (*See* Dkt. 19, Am. Compl. ¶¶ 9–10.) These were Plaintiff's employment duties, not traveling to and from the places where he performed his work. Plaintiff stresses that the "project sites [were] located **hundreds of miles**" away from his home. (Response at 1 (emphasis in original).) But Plaintiff cites no authority for the proposition that travel is compensable simply because it is long-distance travel. Not only are the regulations defining compensable travel time silent about the distance traveled, *see* 34 Pa. Code § 231.1(b), but such a rule necessarily would be arbitrary as to where the dividing line lay between compensable and noncompensable distances.

B.  Discovery Is Unnecessary.

Although Plaintiff suggests that discovery regarding his employment duties may be

helpful, (Response at 7), such discovery is unnecessary. Plaintiff's theory on travel being a part of his employment duties rests on the sole fact that Plaintiff necessarily had to travel in order to get to his assigned project locations. (*See id.*) Atlas does not dispute this fact. What Atlas disputes is Plaintiff's unsupported suggestion that simply having to get to a job site renders the time spent traveling there a duty of employment and compensable. Discovery will not help resolve this legal argument, which is well suited for disposition in a motion to dismiss.

III.   THE TRAVEL TIME SOUGHT WAS NOT DURING NORMAL WORKING HOURS.

A.   The Travel Time Sought Was Not in the Normal Work Hours Plaintiff Alleges.

Atlas' Motion should be granted for a second, independent reason: the alleged travel time at issue occurred outside of what Plaintiff defines as his "normal working hours." Under the PMWA, travel time occurring outside of normal working hours is not compensable. *See* 34 Pa. Code § 231.1(b). Plaintiff alleges his normal working hours to be a period of eight consecutive 10.5-hour shifts that run from 7:00 am until 5:30 pm. (Am. Compl. ¶ 12.) Thus, by this very definition, any travel to or from a job site before the beginning of an eight-day period or after the end of one occurred outside of normal working hours. Plaintiff also alleges that he sometimes traveled from one project site to another during the same eight-day period. (Am. Compl. ¶ 15.) Although Plaintiff claims it is plausible that some such travel occurred during normal working hours, (Response at 8), Plaintiff fails to allege that any project-to-project travel occurred within a 10.5-hour shift and instead pleads only the bare conclusory statement that Plaintiff sometimes had "to travel between project sites during [his] normal working hours." (Am. Compl. ¶ 15.)

B.   Travel on Nonworking Days Was Not Within Normal Working Hours.

Plaintiff apparently attempts to describe his "normal working hours" as 7:00 am to 5:30 pm on *any* day, even nonworking days outside of an eight-day period. (*See* Response at 8–10.) For support, Plaintiff proposes that the PMWA's "normal working hours" requirement

"coincides with the federal Fair Labor Standards Act ('FLSA'),'" particularly a U.S. Department of Labor regulation regarding travel away from home. (*Id.* at 9.) Plaintiff is wrong. First, Pennsylvania "has not in any way adopted" the relevant federal wage and hour law. *Caiarelli v. Sears, Roebuck & Co.*, 616 Pa. 38, 46, 46 A.3d 643, 648 (2012) (McCaffery, J., dissenting). Second, the language of the federal regulation cited by Plaintiff is materially different from that of the PMWA. Under the FLSA regulation, "[t]ravel that keeps an employee away from home overnight is travel away from home. . . . The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." 29 C.F.R. § 785.39. In unequivocal contrast, the PMWA regulation refers only to "time spent in traveling as part of the duties of the employee during normal working hours" and does not mention overnight travel or travel on nonworking days. 34 Pa. Code § 231.1(b). Thus, Plaintiff's reliance on the FLSA is misplaced.

IV. THE TRAVEL TIME SOUGHT AMOUNTS TO ORDINARY COMMUTE TIME.

Plaintiff insists that his "lawsuit has nothing to do with commuting time." (Response at 9.) But because the travel time sought is not a part of Plaintiff's employment duties and did not occur within normal working hours, the travel time sought is nothing more than noncompensable commute time, even if the commute is a long one. Plaintiff attempts to distinguish between the purported travel time he seeks, "long-distance travel arising during his normal working hours," and the travel time he *concedes* is not compensable, including "time spent traveling between his hotel/motel/temporary housing unit and the assigned project site[.]" (Response at 9.) But this distinction fails. In both instances, the travel time is equally outside of his employment duties.

V. PLAINTIFF MISCONSTRUES AUTHORITY CITED BY ATLAS.

Plaintiff claims that *Caiarelli v. Sears Roebuck & Co.* is not instructive here because the case involved "daily commuting time [that] might be compensable under the PMWA."

(Response at 10–11.) Plaintiff misses the mark. As Justice McCaffery's dissenting opinion shows, *Caiarelli* is not about mere daily commute time but rather is about plaintiffs who may have been entitled to compensation for travel time during which they had to perform job duties, like transporting parts. 616 Pa. 38, 43–46, 46 A.3d 643, 646–47. Thus, *Caiarelli* suggests that here, where Plaintiff has *not* alleged that he was required to perform any tasks or work while traveling to his job sites, his travel time would amount to mere noncompensable commute time.[1]

In addition, Plaintiff claims that guidance from the Pennsylvania Department of Labor and Industry website is "unhelpful because it concerns daily commuting [time]." (Response at 11.) But that guidance, which plainly establishes that "[i]f an employee leaves directly from home to the job site or vice versa it is not paid time," is not limited to daily commute time but instead generally concerns "the requirements for travel time pay." (*See* Dkt. 20, Motion at 8.)

## CONCLUSION

For the reasons discussed above and in Atlas' opening brief, Plaintiff's claims against Atlas should be dismissed in full with prejudice.

| | |
|---|---|
| Respectfully submitted, | Dated: December 28, 2015 |
| /s/ Corey Clay | |
| Stanley Weiner *(pro hac vice)* | Karen Gal-Or (Pa. I.D. 317258) |
| Corey Clay *(pro hac vice)* | JONES DAY |
| JONES DAY | 500 Grant Street, Suite 4500 |
| 901 Lakeside Avenue | Pittsburgh, PA 15219-2514 |
| Cleveland, OH 44114-1190 | Telephone: (412) 391-3939 |
| Telephone: (216) 586-3939 | Facsimile: (412) 394-7959 |
| Facsimile: (216) 579-0212 | kgalor@jonesday.com |
| sweiner@jonesday.com | |
| cclay@jonesday.com | Counsel for Defendant |
| | Atlas Railroad Construction, LLC |

---

[1] Plaintiff also challenges Atlas' citation to *Bonds v. GMS Mine Repair & Maint., Inc.*, No. 2:13-CV-1217, 2015 WL 5602607, at *11 (W.D. Pa. Sept. 23, 2015). (Response at 11.) But Atlas appropriately cites *Bonds* for its recognition that there is a "substantive difference" between the FLSA and PMWA, which further shows that Plaintiff's reliance on the FLSA misplaced.

CERTIFICATE OF SERVICE

    I hereby certify that on December 28, 2015, a copy of the foregoing Reply in Response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Corey Clay<br>
Counsel for Defendant<br>
Atlas Railroad Construction, LLC