IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL ESPINOZA, *Individually and on behalf of those similarly situated*, | ) ) ) ) |
| Plaintiff, | C.A. No. 15-1189 Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| ATLAS RAILROAD CONSTRUCTION, LLC, | Re: ECF No. 20 |
| Defendant. | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Rafael Espinoza ("Plaintiff") initiated this action against his employer Defendant Atlas Railroad Construction, LLC ("Atlas") and Atlas' parent company Genesee & Wyoming, Inc. ("Genesee") (collectively, "Defendants") over wages Plaintiff claims he is owed for certain travel time associated with his employment.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 20. For the reasons that follow, the Motion will be granted with prejudice to the extent that Plaintiff seeks compensation for time spent traveling on days he was not scheduled to work, and denied without prejudice with respect to claims revolving around other travel time.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, Defendant Atlas is in the business of providing railroad engineering, construction, maintenance and repair service throughout the United States. ECF No. 19, ¶¶ 3, 8, 9. Plaintiff was employed by Defendants as a "Pennsylvania Worker" from approximately June of 2014 until April of 2015, which required Plaintiff to travel from his home

in Chambersburg, Pennsylvania, to various project sites and to travel between project sites.  Id. at ¶¶ 10, 15-17.  Plaintiff alleges that he was generally scheduled to work at a project site for eight consecutive days from 7:00 a.m. until 5:30 p.m. (10.5 hour shifts), followed by six consecutive days off.  Id. at ¶ 12.  Plaintiff contends that at times he was required to travel to project sites that were long distances -- "sometimes hundreds of miles away" -- which made it impossible to commute on a daily basis.  On those occasions, Plaintiff alleges that he was expected to travel to the project site on the evening before the first 10.5 hour shift and stay in a hotel, motel or other temporary housing.  Id. at ¶¶ 11, 13.  Because it was equally as far for Plaintiff to travel home from those sites, he alleges that he was required to make at least part of the trip "during regular working hours on the day after the eighth consecutive 10.5 hour shift."  Id. at ¶ 14.  Plaintiff also alleges that he was required at times "to travel from one project site to another during the eight-day period between the first 10.5 hour shift and the eighth 10.5 hour shift," and that sometimes it was necessary for him "to travel between project sites during [his] normal working hours."  Id. at ¶ 15.

By way of example, Plaintiff points to an assignment he was given in 2014, at a project site located in or around Chicopee, Massachusetts.  Id. at ¶ 19.  Plaintiff contends that, because of the distance to the site from his home, he was required to arrive in Chicopee on the evening before his first shift which, in turn, required him to drive during "daytime hours" from his Chambersburg, Pennsylvania, residence to Massachusetts.  Id.  After working in Massachusetts, Plaintiff was then required to drive to a project site in or around Lima, Ohio, which also occurred during "daytime hours" due to the distance between the sites.  Id.  Finally, Plaintiff drove from Lima, Ohio, to his Chambersburg, Pennsylvania, residence, part of which also occurred during "daytime hours," because of the distance.  Id.  Plaintiff complains that, as a matter of policy,

Atlas did not award any payroll credit to Plaintiff for any of this travel time even when the travel time, as a matter of necessity, arose "during normal working hours between approximately 7:00 a.m. and approximately 5:30 p.m." and/or when such travel hours were in excess of 40 hours in a workweek. Id. at ¶¶ 18, 19.

Plaintiff filed a Class Action Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, which was timely removed to this Court on September 11, 2105. ECF No. 1. On October 30, 2015, Plaintiff filed an Amended Complaint - Class Action ("Amended Complaint"), ECF No. 19, in which he brings a single claim alleging that Defendants violated the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.104(c), by failing to properly compensate him for certain time he spent travelling.

On November 13, 2015, Defendants filed Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that the Court does not have personal jurisdiction over Defendant Genesee and that Plaintiff has nevertheless failed to state a claim against either Defendant. ECF No. 20. On December 14, 2015, a Stipulation was filed pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii), in which Plaintiff agreed to dismiss Genesee as a defendant in this action. ECF No. 22. Plaintiff subsequently filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss, addressing Defendants' Motion to Dismiss insofar as Defendants seek dismissal of the claims brought against Defendant Atlas. ECF No. 23. Atlas then filed a Reply in Response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss on December 28, 2015. ECF No. 25. Accordingly the Motion to Dismiss as it pertains to Atlas is ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

The PMWA provides, in relevant part, that: "(a) Every employer shall pay to each of his or her employes wages for all hours worked . . . . (c) Employes shall be paid for overtime not

less than one and one-half times the employe's regular rate . . . . no pay for overtime in addition to the regular rate shall be required except for hours in excess of forty hours in a workweek." 43 P. S. § 333.104. An employee therefore is entitled to overtime compensation for hours worked in excess of 40 hours per week. "Hours worked" is defined as:

> time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, *time spent in traveling as part of the duties of the employee during normal working hours* and time during which an employee is employed or permitted to work; provided, however, that time allowed for meals shall be excluded unless the employee is required or permitted to work during that time, and provided further, that time spent on the premises of the employer for the convenience of the employee shall be excluded.

34 Pa. Code § 231.1 (emphasis added).

Atlas argues that Plaintiff has failed to state a claim under the PMWA as the travel time of which Plaintiff complains is not part of his duties and does not occur during normal working hours and thus is not compensable under the PMWA. More specifically, Atlas argues that Plaintiff has failed to allege that he is required to perform any duties or tasks on Atlas' behalf, *i.e.*, maintain or construct railroads, while traveling and that the travel time at issue is merely ordinary commute time that anyone who works outside of their home must engage in. Atlas further argues that any time Plaintiff spends traveling before or after the eight-day period when he is scheduled to work, does not occur during "normal business hours," and that time travel between project sites is no different than commuting from home to a project site or from a project site to home.

In response, Plaintiff argues that he has adequately pled that the travel time at issue is part of his duties and that it occurred, at least at times, during normal working hours. Plaintiff emphasizes that he is not seeking compensation for travel between hotels and project sites, travel between home and project sites outside of 7:00 a.m. to 5:00 p.m., or travel time between project

5

sites outside of 7:00 a.m. and 5:00 p.m. Rather, Plaintiff states that he is seeking compensation only for travel which occurred between 7:00 a.m. and 5:00 p.m.

Plaintiff's Amended Complaint is unclear at best and his Brief in Opposition to Defendants' Motion to Dismiss only muddies the waters. For instance, Plaintiff complains that he is required to travel on days that he is not scheduled to work, *i.e.*, the day before his first 10.5 hour shift of the eight-day work period, and/or the day after the eighth consecutive 10.5 hour shift, but then categorizes this same travel as taking place during "regular working hours." ECF No. 19, ¶¶ 11-14. Similarly, in his Brief opposing the instant Motion, Plaintiff states that some of his travel "would take place during normal working hours on the day after the eighth consecutive 10.5 hour shift." ECF No. 23, p. 5. Time spent traveling after his eighth 10.5 hour shift, however, does not appear to fall within Plaintiff's normal working hours.

Further, although Plaintiff contends that he is required at times to travel during "normal working hours" from one project site to another during the eight-day period between his first 10.5 hour shift and the eighth 10.5 hour shift, it is not clear whether the travel of which Plaintiff complains takes place during the 10.5 hour shifts he is expected to work or sometime before or after his shifts during the eight-day period. Indeed, in his example, Plaintiff refers to this travel as occurring during "daytime hours," and thus appears to equate "normal working hours" with "daytime hours" regardless of whether he is scheduled to work during those hours. Id. at ¶ 19. See Lenahan v. Sears, Roebuck & Co., 2006 WL 2085282, at *18 (D.N.J. July 24, 2006), *aff'd*, 266 F. App'x 114 (3d Cir. 2008) (noting that the plaintiff's own expert had opined that "[a] court may interpret the regulations [implementing Pennsylvania's wage and hour laws] to mean that some travel time is not compensable, that the mere fact the employee is traveling is not enough

6

to make it part of their normal duties, and that the fact that the employee is traveling at a certain time is not enough to make that time part of 'normal working hours'").

Plaintiff's use of "regular hours," "normal working hours" and "daytime hours" interchangeably has created an ambiguity which makes it difficult to discern precisely what travel time Plaintiff seeks compensation for. Although at first blush the absence of clarity appears to bode in favor of finding that Plaintiff has failed to state a claim, the Court is unable to conclude that Plaintiff's claims are completely implausible. As such, the Amended Complaint will be dismissed without prejudice to refiling so as to give Plaintiff the opportunity to clarify precisely the hours spent traveling for which he seeks compensation.[1]

This having been said, it is clear to the Court that the hours Plaintiff spent traveling on the days he was not scheduled to work at all, *i.e.*, the day before his eight-day shift began and the day after his eight-day shift concluded, are not compensable under the PMWA. Travel before or after Plaintiff's eight-day work period necessarily falls outside Plaintiff's normal working hours. Although Plaintiff relies on the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, under which travel on regular work days as well as travel during corresponding hours on non-work days is compensable, Pennsylvania has not adopted the federal statute and the language in the governing regulations that speaks to travel time differs dramatically from that of the PMWA. See Bonds v. GMS Mine Repair & Maintenance, Inc., 2015 WL 5602607, at * 11 (W.D. Pa. Sept. 23, 2015), *quoting* Caiarelli v. Sears, Roebuck & Co., 616 Pa. 38, 46 A.3d 643, 648 (2012)

---

[1] Given the lack of clarity with respect to the travel time at issue, the Court finds that it is also unable at this juncture to determine whether any of the travel time of which Plaintiff complains is considered part of his duties. Although to be sure, Plaintiff has failed to allege that he makes any stops or telephone calls while traveling; that he does any computer work during the relevant travel time; that he drives an Atlas vehicle; that he transports equipment while traveling; or that he performs any duties relative to railroad construction or maintenance along route. It nevertheless is unclear from the Amended Complaint whether some of the travel at issue is considered part of Plaintiff's duties as contemplated by the PMWA. Thus, the Court will defer addressing the issue until such time as Plaintiff amends the complaint should he choose to do so.

(McCaffery, J., dissenting from the dismissal of an appeal as having been improvidently granted) ("[t]he Pennsylvania General Assembly has not in any way adopted the federal Portal to Portal Act" which modifies the FLSA). The regulation governing the FLSA provides that:

> [t]ravel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on a regular working days during normal working hours but also during the corresponding hours on nonworking days.

29 C.F.R. § 785.39. The PMWA regulation, however, refers only to "time spent in traveling as part of the duties of the employee during normal working hours." 34 Pa. Code § 231.1(b). See Under these circumstances, the FLSA cannot provide the basis for finding that Plaintiff is entitled to compensation under the PMWA for time spent traveling to begin an eight-day shift or time spent traveling after the end of his eight-day shift, regardless of whether he is traveling to and/or from his home or between project sites. Thus, to the extent that Plaintiff seeks compensation under the PWMA for travel during days he was not scheduled to work, those claims are dismissed with prejudice as Plaintiff was clearly not working on those days and thus could not have been traveling during his normal working hours.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is properly granted with prejudice to the extent that Plaintiff seeks compensation for time spent traveling on days he was not scheduled to work, and denied without prejudice with respect to claims revolving around other travel time.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 22nd day of January, 2016, upon consideration of Defendants' Motion to Dismiss Amended Complaint, ECF No. 20, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion, and Defendants' Reply to Plaintiff's Response, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED with prejudice to the extent that Plaintiff seeks compensation for time spent traveling on days he was not scheduled to work, and DENIED without prejudice with respect to claims revolving around all other travel time. IT IS FURTHER ORDERED that Plaintiff has until February 5, 2016, to file a Second Amended Complaint should he choose to do so.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF